IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANGEL GABRIEL MATIAS PEREZ AND
DANIEL GUZARO RAYMUNDO,
　　　　　*Petitioners*,
　　　v.

KRISTI NOEM, *et al.*,
　　　　　*Respondents*.

1:25-cv-2445-MSN-IDD

ORDER

Angel Gabriel Matias Perez and Daniel Guzaro Raymundo ("Petitioners") have filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners allege that their characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I), the Administrative Procedures Act (Count II), and their due process rights (Counts III and IV).

Petitioners are currently detained at the Farmville Detention Center, in Farmville, Virginia. He has sued Todd Lyons, the acting director of ICE; Russell Hott, the Washington Field Office Director of ICE; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center.

In response to the Court's Order of December 29, 2025 (ECF 3), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.).[1] ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count III and IVs.[2]

## I.   BACKGROUND

Petitioner Angel Gabriel Matias Perez is a native and citizen of Guatamala. Petition ¶ 14. He entered the United States in February 2022 and has resided here since that time. *Id.* ¶ 22. On November 26, 2025, Perez was involved in a minor traffic accident while driving to work. *Id.* ¶ 24. Local police officers arrived on scene, followed by ICE agents. *Id.* ¶¶ 24, 25. The ICE agents arrested Perez and detained him first at the Riverside Regional Jail and later at the Farmville Detention Center, where he currently remains. *Id.* ¶¶ 25, 26, 27. Federal Respondents have charged Perez with being inadmissible and removable under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* ¶ 26. Perez states that he has been unable to move for a bond hearing with the immigration court because of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id* ¶ *28.*

Petitioner Daniel Guzaro Raymundo is also a native and citizen of Guatamala. *Id.* ¶ 30. He entered the United States in April 2014 and has resided here since that time. *Id.* On December 4, 2025, Raymundo was driving to work and noticed that ICE agents had begun following him. *Id.* ¶ 32. The agents pulled him over, arrested him, and detained him first at Riverside and later at Farmville, where is he now located. *Id.* ¶¶ 35, 36. Federal Respondents have charged Raymundo

---

[1]     The Response improperly lists Lindsey Halligan as the United States Attorney and Special Attorney for this district.  The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in *United States v. Comey*, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and *United States v. James*, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have not been stayed as of this date.  *See also United States v. Giraud*, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

[2]     Because the Court grants the Petition as to Counts III and IV, it need not address Petitioners' other claims.

with being inadmissible and removable under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id*. ¶ 34. Like Perez, Raymundo states that he has been unable to move for a bond hearing with the immigration court because of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id* ¶ 37.[3]

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioners contends that their detention should be governed by § 1226(a) and that their current detention without bond pursuant to § 1225(b)(2) violates their right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioners are present in

---

[3]    Federal Respondents have waived any argument that Petitioners did not exhaust their administrative remedies with respect to their habeas claims. However, to ensure that Petitioners' eventual bond hearing comports with ordinary ICE procedures, this Court will direct Petitioners to file another motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearing required by this Order if Petitioners have not already done so.

the United States but have not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioners have been present in the United States for three and eleven years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), their detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, they are entitled to

---

[4]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

bond hearings before an Immigration Judge ("IJ") at which the IJ must determine whether they

poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

Unless the IJ makes such a determination, Petitioners' continued detention is unlawful and, for

many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates their right to

due process.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioners seek release from detention, they each file a

motion requesting a bond hearing or custody redetermination as soon as practicable; and that

Federal Respondents provide each Petitioner with a standard bond hearing before an IJ pursuant

to 8 U.S.C. § 1226(a) within 7 days of the date of the applicable motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioners on

the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of

each bond hearing, stating whether the relevant Petitioner has been granted bond, and, if his request

for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

January 5, 2026
Alexandria, Virginia